THOMAS, Justice.
From the petition and the return we gather the facts from which we must determine whether or not the petitioner is entitled to his freedom.
He was adjudged guilty, 16 February 1960, of the crimes of breaking and entering with intent to commit a felony and breaking and entering with intent to commit a misdemeanor, charged in separate informations, and sentenced in each case to 171/2 months in the penitentiary, the terms to be served concurrently.
On 6 October 1960 the Florida Parole Commission issued a “Certificate of Parole” ordering that the petitioner be paroled, subject to certain conditions specified in the certificate, until 6 October 1961 unless he should be otherwise released or other action should be taken by the Commission.
In the meanwhile, 16 February 1961, the petitioner was found guilty of passing a worthless check and was sentenced to six months in the county jail. A parole commissioner thereupon, 7 March 1961, issued a warrant for the petitioner for the violation of the condition with which in consideration of the parole he was to abide, one being that he would remain at liberty without violating the law. Inasmuch as the petitioner was, at the time the warrant of revocation issued, in jail under the latest charge a deputy sheriff informed him the warrant would be considered a “detainer.” Then the petitioner was transferred to Marion County from Alachua County, where the three sentences had been imposed, to continue service of the third sentence. Further to complicate the situation the petitioner escaped from jail in Marion County and on 22 May 1961 the court sentenced him for that offense to a consecutive term of six months in jail.
Inasmuch as the petitioner had been transferred from Alachua County to Marion County, the sheriff of Alachua County sent the parole violation warrant to the sheriff of Marion County and on 19 December 1961 the petitioner having completed the service of two sentences in Marion County, the sheriff of that county acting by virtue of the warrant of the Parole Commission delivered the petitioner to the State Prison to await a hearing on the matter of revocation of the parole.
The petitioner presents two points for determination. First, he insists that a hearing on the revocation of his probation was conducted by but one of the parole *278 commissioners, a procedure we have disapproved. But we have since remanded prisoners to custody when it appeared that they had waived the right to a hearing before more than one commissioner on the question of revocation of parole. Porter v. Cochran, Fla., 123 So.2d 465, Sumrall v. Cochran, Fla., 127 So.2d 447. In the instant case the petitioner alleged that he was heard before only one commissioner, however, the record submitted by the Attorney General shows that the petitioner signed an agreement that the hearing on the charge of parole violation proceed before one member of the Commission. So on this score he cannot prevail.
His other contention ' is that there should not be any concern about the violation of his parole when the period of it had expired. With this position we do not agree. If only the dates of the commencement and termination of the term of parole were to be considered, it would be very simple to conclude that 6 October 1961 having passed there was no reason to trouble with the matter. Such is not the case as is obvious from the related facts. Four months after the parole was granted he was guilty of an infraction that prompted the action to rescind the parole which culminated in a revocation 13 March 1962. We conclude that the jurisdiction of the Commission was not disturbed and that abundant evidence supported the action eventually taken. Cf. Carroll v. Cochran, Fla., 140 So.2d 300.
Having the opinion the Commission was empowered to act, we decide that the petitioner, when he was delivered to the penitentiary 19 December 1961, had yet to serve nine months and 25 days so, plainly, he is not entitled to discharge.
The writ of habeas corpus is dismissed and the prisoner is remanded to the custody of the respondent.
ROBERTS, C. J., and TERRELL, THORNAL and O’CONNELL, JJ., concur.