305 So.2d 1 (1973)
Clarence Dewane OAKS, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 43784.
Supreme Court of Florida.
December 20, 1973.
On Rehearing December 17, 1974.
Michael F. Cycmanick of the Law. Offices of James M. Russ, Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
ERVIN, Justice.
This is an original proceeding on a petition for writ of habeas corpus filed on May 5, 1973 by Clarence Dewane Oaks, primarily urging violation of the due process *2 requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in the revocation of his parole. We issued the writ on May 30, 1973, which was filed on June 5, 1973, requiring the return thereto instanter. Respondent's return was not filed until September 14, 1973, some 101 days after the writ was filed, without explanation for the delay. The facts are set forth in the petition and a sworn affidavit of J. Hopps Barker, a commissioner of the Florida Parole and Probation Commission, which accompanied the return.
Petitioner was sentenced in 1966 by the Circuit Court, Bradford County, Florida, to 20 years in the State Prison for second degree murder. Petitioner was granted parole by the Commission pursuant to F.S. Section 947.17, F.S.A. on January 18, 1972, to be effective January 25, 1972, but he was released early on furlough on January 19, 1972 to begin immediate employment in Orlando, Florida. Upon his arrival in Orlando, Petitioner was instructed in his parole conditions and supervision commenced. Parole was to continue until December 26, 1976.
On August 7, 1972 Petitioner's parole supervisor was informed that Petitioner had been drinking in violation of his parole conditions. Upon investigation the supervisor found Petitioner proceeding to go fishing, intoxicated and carrying a fishing knife, and had Petitioner arrested for public intoxication and carrying a concealed weapon. Petitioner requested and was prepared to post bond, but was denied the request by his parole supervisor.
On August 29, 1972 in the Orange County Magistrate's Court, Petitioner pled nolo contendere to public drunkenness and not guilty to carrying a concealed weapon. He was sentenced to 5 days in jail for drunkenness and found not guilty of carrying a concealed weapon because the arresting officer stated the fishing knife was clearly in view at the time of the arrest. Petitioner was represented by counsel in Magistrate's Court.
The return states that "Upon determining that reasonable grounds existed, the Commission issued its warrant on 8/24/72," and it was subsequently learned that Petitioner had been convicted of public intoxication. Petitioner was returned to prison on September 13, 1972, and on October 16, 1972 a hearing was held by Commissioner Armond R. Cross with Petitioner represented by counsel. Petitioner had previously agreed to be heard by only one member of the Commission. At the hearing Petitioner admitted the acts alleged but argued that he had never signed the agreement to parole terms and conditions. The Commission revoked Petitioner's parole on October 20, 1972, effective September 13, 1972, and mailed him notice on October 30, 1972. Petitioner contends however, that no warrant was ever served upon him and that he first learned of his parole revocation on December 20, 1972.
Petitioner has since filed a petition for writ of mandamus with the United States Supreme Court and numerous further pleadings with this Court, including a motion for declaratory judgment on June 14, 1973 seeking $300 damages pursuant to F.S. Section 79.05(1), F.S.A., which provides:
"(1) Civil liability.  Any person failing to return to the writ served on him with the cause of the prisoner's detention, or to bring the body of the prisoner before the court, justice or judge, according to the command of the writ for three (3) days after the service shall forfeit and pay to the prisoner the sum of three hundred dollars ($300.00)."
We find that the due process requirements of Morrissey v. Brewer, supra, were not strictly observed in Petitioner's case and that Petitioner is entitled to reinstatement of his parole and $300 damages sought by separate motion for declaratory judgment.
First, Respondent offers no excuse and we find none for the delay in due process to which Petitioner is entitled occasioned by Respondent's belated return to the writ. *3 The writ commanded Respondent to make his return thereto instanter, which is defined as "immediately," "instantly," "forthwith," "without delay." Black's Law Dictionary 939 (4th Ed.). It can hardly be said that a lapse of 101 days between service of the writ and filing of the return comports with this definition, which is further emphasized by statutory civil liability for failure to comply with the writ within three days of service.
Second, Morrissey, decided by the United States Supreme Court on June 29, 1972, prior to Petitioner's arrest on August 7, 1972, held generally that revocation of parole is not part of a criminal prosecution, and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocation. 408 U.S. at 480, 92 S.Ct. 2593. But nonetheless the loss of liberty entailed in the revocation of parole is a serious deprivation requiring that the parolee be accorded due process. 408 U.S. at 482, 92 S.Ct. 2593. Morrissey more specifically held that a parolee is entitled to two hearings  one a preliminary hearing at the time of arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision. Chief Justice Burger, speaking for the Court in Morrissey, said:
"Due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available... . Such an inquiry should be seen as in the nature of a `preliminary hearing' to determine whether there is probable cause or reasonable grounds to believe that the parolee has committed acts which would constitute a violation of parole conditions." 408 U.S. at 485, 92 S.Ct. at 2602.
Regarding the preliminary hearing, the Court further said:
"With respect to the preliminary hearing before this officer, the parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged. At the hearing the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer. On request of the parolee, persons who have given adverse information on which parole revocation is to be based are to be made available for questioning in his presence. However, if the hearing officer determines that the informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination.
"The hearing officer shall have the duty of making a summary, or digest, of what transpires at the hearing in terms of the responses of the parolee and the substance of the documents or evidence given in support of parole revocation and of the parolee's position. Based on the information before him, the officer should determine whether there is probable cause to hold the parolee for the final decision of the parole board on revocation. Such a determination would be sufficient to warrant the parolee's continued detention and return to the state correctional institution pending the final decision." 408 U.S. at 486-487, 92 S.Ct. at 2603.
Morrissey makes it clear that the preliminary hearing provided above is to be in addition to a full revocation hearing, for which the Court also spells out the minimum requirements of due process but with which we are not concerned in the instant case. Respondent's return indicates that Petitioner was first notified of his parole violations on October 9, 1972 and the only hearing was held on October 16, 1972, the latter more than two months after Petitioner's arrest and more than one month *4 after Petitioner was returned to prison on September 13, 1972 upon the Commission's warrant. All the return reveals as to a finding of probable cause for the revocation of parole is that the warrant for Petitioner's arrest was issued after the Commission determined that reasonable grounds existed. The return is silent as to a preliminary hearing, and we must therefore conclude that none was held and the procedures guaranteed in Morrissey were not afforded Petitioner.
Respondent argues in his return that the procedural requirements enunciated in Morrissey are not absolute, particularly when a parolee admits violations of his parole. We find it unnecessary to decide this issue since the record reflects that while Petitioner pleaded nolo contendere to the charge of drunkenness, he clearly did not admit to a parole violation, as the return implies, and had he been granted a preliminary hearing, he would have contested that very issue.
At this late stage in Petitioner's cause, the absence of a preliminary hearing is not a procedural error which can be properly corrected. Such an essential failing, together with the unconscionable delay in filing a return to the writ, necessitates the Petitioner's release from custody and reinstatement of parole. By so finding, we do not consider the merits of Petitioner's contentions that he did not sign, and thereby did not agree to, the conditions of his parole.
Accordingly, the Petitioner is hereby released from custody, the writ is discharged, and the Respondent is ordered to pay Petitioner $300 in damages for failure to timely file his return pursuant to F.S. Section 79.05(1), F.S.A.
It is so ordered.
ROBERTS, Acting C.J., and BOYD and McCAIN, JJ., concur.
ADKINS, J., dissents.

ORDER ON REHEARING GRANTED
After due consideration and hearing of the petition herein the opinion and judgment of the Court is adhered to except that payment damages in the amount of Three Hundred Dollars ($300) is held in abeyance with leave to the Respondent within a reasonable period of time to show to this Court that the failure to file return timely was not the fault of Respondent and was not an act of wilfulness on his part. This leave is granted because of the contention of the Attorney General in oral argument that the failure to timely file return was not wilful.
ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.
ADKINS, Chief Justice (concurring in part and dissenting in part):
I adhere to my dissent on the merits but concur in the majority action on the damages issue.
OVERTON, J., dissents.
OVERTON, Justice (dissenting).
I dissent. In my opinion, the requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), are not absolute and can be waived by the actions and conduct of the defendant. The entering of a plea of nolo contendere should be more than sufficient to establish probable cause of a parole violation and to eliminate the necessity of a preliminary hearing to establish facts admitted by the plea.
This type of unnecessary but required criminal proceeding does not improve the administration of justice and with other such requirements will eventually cause the system to choke on its own inefficiency.