BOYD, Justice.
This cause is before us on petition for writ of habeas corpus and return thereto; we have jurisdiction under Article V, Section 3(b) (6), Florida Constitution.
On February 18, 1974, this Court issued a writ of habeas corpus directing Respondent as Director, Division of Corrections, to show lawful cause and authority for detention and imprisonment of Petitioner. Petitioner had alleged in his petition for such writ that he had been denied hearings sufficient to meet federal standards for hearings prior to termination of parole.
The facts are as follows. While serving concurrent sentences for robbery and possession and sale of narcotics, Petitioner was paroled on October 17, 1972. Among other conditions of his parole, Petitioner agreed (1) not to violate the law, (2) to stay out of Duval County, and (3) not to change either place of residence or job without the permission of the Parole and Probation Commission.
On May 10, 1973, the Commission caused a warrant to be issued based on information that Petitioner had absconded from his home county of Putnam. On August 10, 1973, the Commission learned that Petitioner was in the Morris County Jail in Morristown, New Jersey. On August 22, 1973, he was convicted of possession of heroin and sentenced to a term of three to five years in the New Jersey State Prison; however, oh September 28, 1973, the sentence was reduced to five months in the county jail. On or about October 10, 1973, he was released to the Sheriff’s Department of Duval County, Florida, a few miles from Raiford Prison; he then served a sixty-day sentence for petit larceny in the Duval County jail.
On November 2, 1973, Petitioner was interviewed by a representative of the Commission, at which time he admitted to the above convictions for possession of heroin in New Jersey and for petit larceny in Du-val County. His prior presence in Duval County was in conflict with his parole provisions, although his being there at that particular time was involuntary. The record does not show whether the Commission’s representative was the same probation officer who supervised him previously; apparently, however, the “hearing” was very informal. On December 28, 1973, Petitioner was returned to Respondent’s custody in the Florida Division of Corrections.
Although the Commission sent a notice of hearing for termination of parole to Petitioner on February 8, 1974, setting a hearing for February 15, 1974, Petitioner alleges that he did not receive the notice until February 12, 1974, and did not have adequate time to prepare his defense. Pe *765 titioner fails to show any specific proof that might have been offered sufficient to overcome the facts of his parole violations evidenced by his leaving Putnam County and by being convicted in both New Jersey and Duval County, Florida, while on parole. Even in his pleadings here, Petitioner has not denied these matters.
In Morrissey v. Brewer,[1] it was held that a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime. Indeed, if Petitioner could establish that the above convictions did not occur, further attention might be afforded to him by this Court; also, a showing of specifics to establish the fact that he had been denied adequate time to prepare for his hearing after notice might justify further review here.
In Gagnon v. Scarpelli, the Supreme Court of the United States reaffirmed the standards for parolees established in Morrissey, supra, and extended them to prisoners on probation.[2] In Oaks v. Wainwright,[3] we adopted the federal standards announced in Morrissey, supra, requiring a preliminary hearing in addition to the final hearing for reincarceration provided by Sections 947.23, 948.06, 949.10 and 949.11, Florida Statues. We feel these existing Florida Statutes are sufficient to meet federal and Florida constitutional standards provided they are applied as stated in Morrissey, Gagnon and Oaks, supra.
Obviously, in those instances in which the prisoner waives a preliminary hearing, none should be required. It is important to conclude both preliminary and final hearings as soon as reasonably possible, not only because a return to prison upon breach of parole or probation can be just as painful and traumatic as any other incarceration, but also because society is entitled to have undesirable prisoners returned to confinement.
Turning to the case at hand, we have compared the actions of the state to the standards mentioned above to determine whether a new hearing is required. It appears to be firmly established by the record that Petitioner broke the terms of his parole on at least four occasions and that he does not deny it. Further, the record shows that Petitioner was interviewed by a parole officer while serving a jail sentence for an offense committed while on parole, and that it was determined that after release from his county jail term Petitioner should be confined in the State correctional system until his final- hearing, held forty-nine days later. We conclude that there was substantial compliance with state and federal standards. Each case must be judged separately, depending on its particular facts. Since the evidence was so overwhelming against Petitioner, *766 the harmless error statute[4] would excuse any minor lack of strict compliance with procedure.
Accordingly, the writ of habeas corpus previously issued is hereby discharged.
It is so ordered.
ADKINS, C. J., and ROBERTS, Mc-CAIN and OVERTON, JJ., concur.
ENGLAND, J„ dissents.

. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

. 411 U.S. 778 at 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 at 664 (1973) :
“. . . [A] probationer or parolee is entitled to ■ notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing. . . . The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the ‘minimum requirements of due process’ include very similar elements:
‘(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be beard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation) ; (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole. . . . ’ ”

.Fla., 305 So.2d 1.

. Section 924.33, Florida Statutes:
“No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”