332 So.2d 18 (1976)
John A. HOFMANN, Petitioner,
v.
Louie L. WAINWRIGHT, et al., Respondents.
No. 48,008.
Supreme Court of Florida.
April 28, 1976.
Louis M. Jepeway, Jr. of Jepeway, Gassen & Jepeway, for A.C.L.U. Foundation of Florida, for petitioner.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger, Asst. Atty. Gen., for respondents.
*19 OVERTON, Chief Justice.
Petitioner, by habeas corpus, seeks immediate reinstatement to parole from a state prison sentence following an intervening federal conviction and prison term. We have jurisdiction.[1]
Petitioner complains that the State did not hold a parole revocation hearing immediately following his conviction and sentence for a federal offense. He asserts he has been prejudiced by the failure to have an immediate revocation hearing, and claims reinstatement to be the only adequate remedy. We disagree and deny relief.
Petitioner was paroled from Florida State Prison on February 22, 1972, for ten years. On March 19, 1973, petitioner was convicted in federal court of a federal criminal offense and held in the Dade County jail approximately one month pending his federal sentencing on April 10, 1973, and subsequent transfer on April 29, 1975, to the federal penitentiary in Atlanta, Georgia.
On March 23, 1973, the Florida Parole and Probation Commission issued a parole violation warrant for his arrest based solely on his federal conviction. The petitioner was advised of this fact by his parole supervisor who visited the petitioner during his period of incarceration in the Dade County Jail. At that time petitioner inquired about a revocation hearing, and his supervisor informed him that he had no personal authority to set such a hearing but directed the petitioner to request such hearing from the Parole and Probation Commission through legal counsel who was then representing the petitioner. No such request was made. Petitioner contends the Commission ignored his request, but the record does not support this contention.
Petitioner contends that even though he is imprisoned in another jurisdiction, Florida is required under Morrissey[2] to provide an immediate parole revocation hearing irrespective of whether the petitioner is within or without the State of Florida. The Morrissey procedure requires a preliminary probable cause hearing followed by a full final hearing within a reasonable time to avoid possible unconstitutional grievous loss of liberty. If the petitioner had been convicted of a Florida criminal offense, a revocation hearing in a reasonable time would be required. In the instant case petitioner was convicted of a federal offense and was committed to an out-of-state federal prison within forty-one days of his conviction.
To comply with the petitioner's contention Florida would be required to make the necessary transfer arrangements and pay the costs of bringing every parolee convicted of a criminal offense in another jurisdiction to Florida or to send the Parole Commission to where he is incarcerated for a revocation hearing. We find that not constitutionally required. We are not unaware of the fact that federal prisons treat an arrest warrant for violation of parole as a detainer which disqualifies a prisoner from beneficial privileges and rehabilitative programs; but, we note that it is the custodial jurisdiction, not the requesting jurisdiction, which establishes the policy of restricting prisoners' privileges and eligibility for rehabilitative programs when arrest warrants are placed against them.
Federal courts are divided on the due process right of prisoners to receive revocation hearings upon filing of arrest warrants by a foreign jurisdiction. The Fifth Circuit Court of Appeals in Cook v. United States Attorney General, 488 F.2d 667 (5th Cir.1974), held that prejudice from lack of an immediate hearing was not sufficient to meet the grievous loss test in Morrissey. See also Small v. Britton, 500 F.2d 299 (10th Cir.1974), and Gaddy v. Michael, 519 F.2d 669 *20 (4th Cir.1974); contra. United States ex rel. Hahn v. Revis, 520 F.2d 632 (7th Cir.1975); Cooper v. Lockhart, 489 F.2d 308 (8th Cir.1973); Sutherland v. District of Columbia Board of Parole, 366 F. Supp. 270 (D.D.C. 1970). We are unpersuaded by the decisions of the federal circuit courts which have found a right to immediate hearings.
The situation in the instant case is not analogous to Morrissey. The conduct of this prisoner caused him to be incarcerated by a jurisdiction distinct from the jurisdiction which placed him on parole. Morrissey dealt with parolees who were free on parole at the time of the revocation proceedings and not parolees imprisoned in another jurisdiction.[3] More importantly, Morrissey arose from proceedings instituted by parole officers alleging parole violations other than criminal convictions and directing that parolees be retaken into custody. No intervening criminal offenses for which the parolees had been convicted and sentenced were involved.
Petitioner also complains of grievous loss of opportunity to have the state prison sentence run concurrently with that for the federal intervening conviction. He overlooks, however, the fact that the Parole and Probation Commission in its discretion may credit the parolee with such time toward his state sentence at the time of the parole revocation hearing. Sections 947.21(2) and 947.23(1), Florida Statutes.
We conclude that Morrissey does not require Florida to hold immediate parole revocation hearings for parolees who have been convicted of intervening offenses and are imprisoned elsewhere, either by sending its Parole and Probation Commission out of state or by recalling the prisoner parolee. We recognize that a parolee standing convicted of a federal crime who is available in Florida for an amount of time sufficient to conduct the final parole revocation hearing should not arbitrarily be denied that right. The petitioner in this instance was advised how to request a hearing by his supervisor. Although petitioner was represented by counsel, no proper request was made to the Commission. Under the circumstances of this case, the petition for relief is denied and the writ is discharged.
It is so ordered.
ROBERTS, BOYD and SUNDBERG, JJ., concur.
ADKINS, J., concurs in conclusion.
NOTES
[1] Art. V, § 3(b)(6), Fla. Const.
[2] Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
[3] "Though the State properly subjects him to many restrictions not applicable to other citizens, his condition is very different from that of confinement in a prison. He may have been on parole for a number of years and may be living a relatively normal life at the time he is faced with revocation. The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." Id., 408 U.S. at 482, 92 S.Ct. at 2601. [footnotes omitted].