Charles J. Scriven Chairman Florida Parole and Probation Commission Tallahassee
QUESTIONS:
1. May an inmate eligible under ss. 947.16 and 947.17, F. S., for consideration for parole waive an interview by the Parole and Probation Commission required by s. 947.17(1)?
2. Assuming that an inmate may waive this interview, at what point should the commission's hearing examiner accept the inmate's waiver of the interview required by s. 947.17(1), F. S.?
SUMMARY:
A state prisoner eligible for consideration for parole under ss.947.16 and 947.17, F. S., has a statutorily created right to be periodically interviewed and considered for parole. That right, being personal to the inmate, is a right which he may waive either expressly, impliedly, or by conduct. A waiver by an inmate of his right to be considered for parole is a unilateral act, not requiring any act of the commission to perfect it and not requiring the commission's approval. Upon due waiver by an inmate the commission is not required to conduct a parole interview. However, if due notice of a waiver has not been conveyed to the commission's interviewing official before convening a duly scheduled interview, the hearing examiner must make himself available at the scheduled time and place. The subsequent absence or failure of the inmate to appear at the interview for which he has received due notice may be treated as a waiver unless circumstances exist which are inconsistent with an intent to waive, are otherwise known to the examining official, or are such as to put him on notice to make inquiry.
AS TO QUESTION 1:
Your first question is answered in the affirmative.
Section 947.16(1), F. S., as amended by s. 88 of Ch. 77-120, Laws of Florida, provides in part as follows:
 An inmate who has been sentenced for a term of 5 years or less shall be interviewed by a member of the commission or its representative within 6 months after the initial date of confinement in execution of the judgment. An inmate who has been sentenced for a term in excess of 5 years shall be interviewed by a member of the commission or its representative within 1 year after the initial date of confinement in execution of the judgment. An inmate convicted of a capital crime shall be interviewed at the discretion of the commission.
Section 947.16(3) provides that, subsequent to the initial interview, the inmate shall be interviewed for parole at periodic intervals not less often than annually.
Section 947.17(1), F. S., as amended by s. 89 of Ch. 77-120, Laws of Florida, provides:
 Upon the commission's own initiative or within 30 days after receipt of a recommendation of the Department of Offender Rehabilitation that an inmate be paroled, a hearing examiner of the commission shall interview the person. . . .
In AGO 077-73, I stated that s. 947.16, F. S., `clearly and expressly imposes upon the commission the duty to interview inmates eligible for parole at least once a year,' and concluded that the annual interview duty thereby imposed on the commission should be complied with, regardless of whether the inmate had entered into an agreement (contract parole) pursuant to s.947.135, F. S. (1976 Supp.). The statutory duty of the commission to conduct the parole interview specified in and required by ss.947.16 and 947.17 would appear to be primarily for the inmate's benefit and assures an orderly and timely consideration of the inmate's eligibility for parole. It may be said to raise a correlative right of the inmate to be periodically interviewed and considered for parole.
In Moore v. Florida Parole and Probation Commission, 289 So.2d 719
(Fla. 1974), the Supreme Court of Florida held that:
 [w]hile there is no absolute right to parole, there is a right to a proper consideration for parole.
However, it is clear that:
 [a] party may waive any right to which he is legally entitled, whether secured by contract[s], conferred by statute, or guaranteed by the Constitution. [Bellaire Securities Corporation v. Brown, 168 So. 625, 639 (Fla. 1936).]
See also Gilman v. Butzloff, 22 So.2d 263 (Fla. 1945), and cases cited therein. It is also clear that a right which is personal and created by statute may be waived. See, In re Shambow's Estate,15 So.2d 837 (Fla. 1943); Board of Public Instruction of Dade County v. State, 24 So.2d 105 (Fla. 1945); and Gay v. Whitehurst,44 So.2d 430 (Fla. 1950).
Furthermore, implicit in the law governing paroles and the acceptance thereof by parolees is the fact that a parole may be accepted or rejected by the prospective parolee. See, e.g., Ex.Parte Alvarez, 39 So. 481 (Fla. 1905). See also 67 C.J.S. Pardons
s. 21, p. 609. If an inmate may refuse a parole itself, certainly he may waive his right to be interviewed for that parole. It has also been recognized, in the context of a parole revocation hearing, that a parolee may waive his right to a revocation hearing before more than one parole commissioner. See Gibbs v. Cochran, 142 So.2d 276 (Fla. 1962). It has also been recognized, in the context of parole revocation, that a parolee may waive his constitutional right to a preliminary hearing before the commission on the parole violation charges. See Albritton v. Wainwright, 313 So.2d 763 (Fla. 1975), where the Supreme Court held:
 Obviously, in those instances in which the prisoner waives a preliminary hearing, none should be required.
Your attention is also directed to AGO 077-41, wherein I stated, in part:
 As a general proposition, a person may waive any matter which affects his property, any alienable right which he owns or which belongs to him or to which he is legally entitled, whether secured by contract, conferred by statute or guaranteed by the Constitution, provided such rights and privileges rest in the individual, are intended for his sole benefit, do not interfere with rights of others and are not forbidden by law or public policy. Gilman v. Butzloff, 22 So.2d 263 (Fla. 1945); 92 C.J.S., Waiver at 1066-1067.
Accordingly, the inmate's right to a parole interview is a corollary to the statutory duty of the Parole and Probation Commission to conduct a parole interview. Said right being personal to the inmate eligible to be interviewed, it is a right which may be waived by him.
AS TO QUESTION 2:
In your second question, you requested my opinion as to when the hearing examiner should accept the inmate's waiver of his right to a parole interview. The answer to this question is determined by the commonly accepted definition of a waiver. A waiver has been defined as a voluntary or intentional relinquishment of a known right. It is essentially unilateral, resulting as the legal consequence from some act or conduct of the person against whom it operates. Thus, no act of the commission is necessary to complete or perfect the waiver, nor does the waiver require any acceptance or approval by the commission to be complete. Furthermore, a waiver may be either express or implied, and may occur by words or by conduct. See 92 C.J.S. Waiver at pp. 1041-1049, 1053-1055, and 1061-1062 and Black's Law Dictionary 1751-1752 (Rev. 4th Ed.).
Thus, the answer to your question is dependent on the manner in which an inmate manifests his intention to waive his right to the parole interview. Provided that an interview is properly and timely scheduled, and the inmate and appropriate custodial officials have been properly and timely notified of such interview, but the inmate fails to appear therefor, it may be assumed that his absence at the interview constitutes a waiver of his right to such interview unless other exculpatory circumstances inconsistent with the right to the interview or the inmate's intention to claim or rely on such right are made known to the hearing examiner or interviewing official or other circumstances exist putting such interviewing official on notice to make due inquiry. Additionally, an inmate's expressed intention to forego his right to a parole interview, conveyed to the hearing examiner or some other appropriate commission official, coupled with his failure to appear at the scheduled interview of which he has been timely notified should be treated by the commission as a waiver of the inmate's statutory right to be interviewed for parole. As stated in Albritton v. Wainwright, 313 So.2d 763 (Fla. 1975):
 Obviously, in those instances in which the prisoner waives a preliminary hearing, none should be required.
Thus, where an inmate has duly and validly expressed his intention to relinquish or waive his right to a parole interview, the commission is not required to accept or approve of the inmate's waiver or to conduct a parole interview. However, in those cases where no express waiver has been conveyed to the hearing examiner, or other appropriate official, prior to the convening of the scheduled interview, the hearing examiner should make himself available at the scheduled time and place. Upon the absence or failure of the inmate to appear upon due and timely notice, it may be considered that he has impliedly waived the statutory right to be interviewed by the hearing examiner unless circumstances exist inconsistent with the right, or intent to claim or rely on the right, and are known or made known to the examiner, or sufficient circumstances exist to put the interviewing official on notice to make due inquiry.
Prepared by: Joe Belitzky, Assistant Attorney General