COBB, Judge.
His motion to dismiss having been denied, appellant O’Connell pled nolo contendere to a robbery charge. The trial court adjudicated O’Connell guilty, sentenced him to twenty years imprisonment, and imposed the costs of transporting him from a Michigan prison and back. O’Connell specifically reserved the right to appeal the trial court’s ruling on the motion to dismiss, and now timely appeals the judgment and sentence. We reverse.
While he was serving a sentence in Michigan, the State of Florida charged O’Connell with robbery. Subsequent to filing the information, the state attorney in Orange County sent the warden of the State Prison of Southern Michigan a request for temporary custody of O’Connell pursuant to the Interstate Agreement on Detainers, sections 941.45- 50, Florida Statutes (1979). As a result of the request for temporary custody, O’Connell was sent to Florida to face the robbery charge. Through no fault of his own, O’Connell was not tried within the time period set by the agreement.[1] Pursuant to section 941.45(5)(e), Florida Statutes (1979), the dismissal provision of the agreement, O’Connell moved to dismiss the information.
O’Connell made no mention of the existence of a detainer against him either in his motion to dismiss or at the hearing on the motion. He did, however, allege and prove the existence of the state’s request for temporary custody, a prerequisite under the agreement to obtaining custody of a prisoner incarcerated in another state. On appeal, the state contends that in the absence of a detainer, the interstate agreement and its dismissal provisions do not apply, and that therefore O’Connell was required to specifically allege and prove the existence of a detainer. O’Connell argues that because the state utilized the “Request for Custody” provision of the statute in order to gain custody over him, an implication arose that a detainer had been lodged.[2] Given the statutory scheme of the interstate agreement, we hold that the state’s request for custody combined with custody-in-fact sufficiently evidenced the existence of a detainer. By alleging and proving these facts in his motion to dismiss, O’Con-nell adequately alleged and proved the de-tainer’s existence and the trial court erred by not discharging the information.
The state correctly argues that in order for the interstate agreement and its speedy trial provisions to apply, a detainer must have been lodged against O’Connell with the Michigan authorities. Allen v. *138 State, 390 So.2d 806 (Fla. 5th DCA 1980). See also United States v. Mauro, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); United States v. Gravitt, 590 F.2d 123 (5th Cir. 1979). The state errs in this case, however, by questioning the existence of the detainer. The state obtained custody of O’Connell upon the authority of the agreement. Like the speedy-trial provisions invoked by O’Connell, the custody provisions relied upon by the state to gain custody of O’Connell depend upon the existence of a detainer. By requesting and obtaining custody of O’Connell pursuant to the terms of the agreement, the state clearly relied upon the existence of a detainer and is estopped to deny its existence.
Because the information against O’Con-nell should have been dismissed, the judgment and sentence, including the imposition of costs, are reversed, and the trial court is instructed to enter an order discharging the information against O’Connell with prejudice.
REVERSED and REMANDED with instructions.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. § 941.45(4)(c), Fla.Stat. (1979).

. Section 941.45(4)(a), Florida Statutes (1979), provides that the appropriate officer of the jurisdiction in which an untried information is pending shall be entitled to have a prisoner against whom he has lodged a detainer made available upon written request for temporary custody.