403 So.2d 1123 (1981)
Louie L. WAINWRIGHT, Secretary, Department of Corrections, Appellant,
v.
Ward Thomas EVANS, Appellee.
No. 80-827.
District Court of Appeal of Florida, Fifth District.
September 23, 1981.
Malcolm S. Greenfield, Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for appellant.
Ward Thomas Evans, pro se.
FRANK D. UPCHURCH, Jr., Judge.
Louie L. Wainwright, Secretary, Department of Corrections, appeals from an order granting appellee a writ of habeas corpus and dismissing with prejudice a charge of violation of parole.
By the terms of the approved release plan, appellee was permitted to travel to Georgia and serve the period of parole under the supervision of Georgia authorities. While in Georgia, appellee committed a crime which was reported to Florida officials by his Georgia supervisor. On June 2, 1975, the Florida Parole and Probation Commission issued a "Warrant for Retaking Paroled Prisoner."
Appellee pleaded guilty to the crime committed in Georgia and was sentenced to five years. He was released to Florida on November 27, 1979. On January 5, 1980, the state held a parole revocation hearing which resulted in the revocation of appellee's parole. Appellee then petitioned for a writ of habeas corpus which was granted dismissing the parole violation charges with prejudice. The trial court held that under Gaddy v. Turner, 376 So.2d 1225 (Fla.2d DCA 1979), the state had violated appellee's rights by failing to hold a hearing pursuant to appellee's request of September 12, 1978 for final disposition of the warrant within one hundred eighty days as required by section 941.45(3)(a) Florida Statutes.
The state contends that Gaddy does not apply because: (1) Gaddy involved a probation violation whereas the instant case concerns *1124 a parole violation, and (2) Gaddy absconded to Georgia whereas appellee was in Georgia pursuant to the conditions under which his parole was granted.
Section 949.07, Florida Statutes, allows this state to enter into compacts with other states allowing for parolees and probationers to reside in another party state. It was under this section that appellee was permitted to reside in Georgia. Subsection (3) of this section enables officers of the sending state to enter the receiving state to apprehend and retake parolees, but,
if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state such a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense.
§ 949.07(3), Fla. Stat. (1979).
The record does not show whether Georgia consented to appellee's return to Florida, but it does reflect that Georgia agreed to notify Florida thirty days in advance of appellee's release to enable Florida to arrange to take custody. The record is also silent as to whether Florida requested the return of appellee prior to his discharge.
Section 941.45, Florida Statutes, encourages the expeditious and orderly disposition of charges based on untried indictments, informations, or complaints. This section does not state that it covers charges concerning probation violations or parole revocations. However, the Second District Court of Appeal concluded that probationers were within the coverage of section 941.45 because untried charges may obstruct programs of prisoner treatment and rehabilitation. Gaddy. It would seem that the same factors would apply to parolees but the Florida Supreme Court has decided that federal case law "does not require Florida to hold immediate parole revocation hearings for parolees who have been convicted of intervening offenses and are imprisoned elsewhere, either by sending its Parole and Probation Commission out of state or by recalling the prisoner or parolee." Hofmann v. Wainwright, 332 So.2d 18, 20 (Fla. 1976), cert. denied, 429 U.S. 981, 97 S.Ct. 494, 50 L.Ed.2d 590 (1976). The court reasoned that to comply with the petitioner's contention, Florida would be required to make the necessary transfer arrangements and pay the costs of bringing every parolee convicted of a criminal offense in another jurisdiction to Florida or to send the Parole Commission to where he is incarcerated for a revocation hearing. Such factors are also present in a probation matter. However, we conclude that the supreme court considered these factors and rejected them in Hofmann v. Wainwright. Section 941.45 was enacted in 1973, well before Hofmann which was decided in 1976. To make a distinction between parolee and probationers is difficult to justify because the same inconvenience and expense to Florida are present in both. To afford one who absconds to another state as a probationer and is subject to extradition the right to a dispositive hearing within 180 days and to deny such right to one who is in the other state pursuant to the terms of his parole is illogical.
Other states which have considered similar questions have held that the Interstate Agreement on Detainers did not apply to parole or probation matters. They reason that a parole or probation revocation matter is not "an untried indictment, information or complaint" within the meaning of the Agreement. Concerning probation see: State v. Knowles, 270 S.E.2d 133 (S.C. 1980), and the cases cited therein; Suggs v. Hopper, 234 Ga. 242, 215 S.E.2d 246 (1975). Concerning parole see: Buchanan v. Michigan Department of Corrections, 50 Mich. App. 1, 212 N.W.2d 745 (1973); Sable v. Ohio, 439 F. Supp. 905 (W.D. Okl. 1977).
Appellee also argues that even if he was not entitled to a revocation hearing under 949.07, Florida Statutes, until his return to Florida that he was entitled to a hearing within ten days of his return. Section 949.11, Florida Statutes, provides that any person whose parole or probation is *1125 revoked pursuant to 949.10 shall be given a hearing pursuant to section 947.23 or section 948.06 within ten days. Section 949.10, however, is not applicable, because it applies only to a subsequent felony arrest which, under the statute, constitutes prima facie evidence of the violation of the terms and conditions of parole or probation.
The order appealed is REVERSED and the writ of habeas corpus QUASHED.
DAUKSCH, C.J., and COWART, J., concur.