LARRY G. SMITH, Judge.
Proctor petitions this court for a writ of habeas corpus seeking his release from a Florida prison on the grounds that while a prisoner in the State of Delaware, he requested disposition of a Florida detainer[1] based on a parole violation, and Florida failed to provide a parole revocation hearing within the time prescribed by the Interstate Agreement on Detainers, Sections 941.45-50, Florida Statutes (1979). We deny the writ.
Petitioner’s reliance upon the Interstate Agreement on Detainers is misplaced. This court has held that Florida’s IAD does not apply to detainers based upon parole violations. Maggard v. Wainwright (Fla. 1st DCA 1981), case no. AE-321, opinion filed January 14, 1982. See also, Wainwright v. Evans, 403 So.2d 1123 (Fla. 5th DCA 1981).
However, although we do not find petitioner entitled to release based upon the *794 grounds urged in his petition, we find it necessary to address the issue presented by the State’s failure, to date, so far as the record before us discloses, to provide petitioner a parole revocation hearing. The following facts appear without substantial dispute from the allegations of the petition and the State’s response to our order to show cause: Petitioner, after being convicted in Florida on four counts of robbery, was sentenced to four concurrent six-year terms on February 28, 1977. On May 8, 1979, he was paroled upon condition, among others, that he would proceed to the State of Delaware for supervision.[2] One of the conditions of his parole and release to Delaware, to which petitioner agreed, was that if permitted to leave the State of Florida he waived “all extradition rights, process and proceedings for return.” Such an agreement is consistent with the provisions of the Interstate compact on parole supervision which provides in part (Section 949.07, Florida Statutes (1979), subsection (3)):
That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken.
The above subsection also provides that the decision of the sending state to retake a person on probation or parole is conclusive and not reviewable within the receiving state. However, consent of the receiving state is required if there are criminal charges pending against the probationer or parolee in the receiving state. Section 949.-07(3).
Petitioner’s parole agreement was further conditioned upon his remaining at liberty without violating the law. That this condition was broken is not in dispute here, in that while in Delaware on parole petitioner entered a plea of guilty to Conspiracy, Second Degree, a Class E felony, and was subsequently incarcerated in Delaware on that charge.[3] Meanwhile, upon advice from the Delaware authorities, the Florida Parole and Probation Commission on June 30, 1980 issued a warrant charging two parole violations.[4] Petitioner remained in custody in Delaware until his return to Florida, pursuant to the parole violation warrant, on August 5, 1981.[5]
The compact on interstate parole and probation supervision does not specify a time within which a parole revocation hearing shall be held after the parolee’s return to the paroling state. Section 949.07. However, it is clear that due process requires a final revocation hearing within a reasonable time. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Such a hearing is also mandated by Florida law as well. Section 947.23(2), Florida Statutes (1979). Morrissey, as well as the statute, Section 947.23(1), also require a prompt preliminary or “probable cause” hearing.
We conclude, however, that under the circumstances here, which demonstrate that petitioner pleaded guilty to a felony offense in Delaware during the time he was present in that state pursuant to his Florida parole, and was returned to Florida by the Delaware authorities, the failure to provide a preliminary parole revocation hearing in *795 Florida upon bis return here would not be grounds for discharge from custody. See Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Here, the petition itself discloses probable cause for petitioner’s return to Florida on the parole violation charge, and he specifically waived extradition to be returned to Florida for that purpose after a hearing before a Delaware court.[6] We find no allegation in the petition which could conceivably be construed as presenting a probable cause issue. Therefore, any error in failing to accord a prompt preliminary hearing upon his return to Florida would constitute harmless error. See Albritton v. Wainwright, 313 So.2d 763 (Fla.1975).
In view of the period of time that has elapsed since petitioner’s return to Florida, our denial of the petition for habeas corpus is expressly conditioned upon petitioner being afforded a final parole revocation hearing by the Florida Parole Commission within a reasonable time. In our opinion, a reasonable time for such a hearing to be held would be thirty days from the filing date of this opinion, unless such time is extended by order of this court for good cause shown on motion of the respondent commission.
McCORD and LARRY G. SMITH, JJ., concur.
WENTWORTH, J., concurs specially.

. Section 941.45(3)(a), Florida Statutes (1979), requires trial, on any indictment, information, or complaint on the basis of which a detainer has been lodged against a prisoner, within 180 days after he shall have requested final disposition by notice directed to the appropriate prosecuting officials.

. The Governor of Florida is authorized by Section 949.07, Florida Statutes' (1979), to enter into a compact on behalf of the state with other states joining therein, providing for Florida probationers and parolees to be released to any other party state for supervision.

. An attachment to the petition indicates that petitioner received a sentence of seven years on the Delaware conspiracy charge, two years to be served by incarceration, followed by a probationary term.

. The warrant charged a violation of Condition 2 by virtue of petitioner having changed his residence without consent of his parole supervisor. Attachments to the State’s response indicate that petitioner violated this condition by entering the state of Virginia. A second violation concerning Condition 8, which required petitioner to live and remain at liberty without violating any law.

. Exhibit 11, attached to the State’s response, indicates that petitioner was released from Delaware on parole to Florida, with a detainer.

. As noted earlier in this opinion, petitioner waived all extradition proceedings as a condition of his release on parole to Delaware. Therefore, his subsequent waiver before the Delaware court conferred no additional rights upon petitioner, nor did it impose any additional burdens upon the Florida Parole and Probation Commission.