411 So.2d 200 (1982)
George D. MAGGARD, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent.
No. AE-321.
District Court of Appeal of Florida, First District.
January 14, 1982.
As Clarified on Denial of Rehearing March 1, 1982.
Rehearing Denied April 5, 1982.
*201 Richard A. Belz, Gainesville, for petitioner.
Gregory C. Smith, Asst. Atty. Gen., for respondent.
LARRY G. SMITH, Judge.
Petitioner, an inmate of a Florida prison, by petition for habeas corpus seeks a determination by this court that a detainer based upon a charge of parole violation, filed by the Commonwealth of Kentucky, is no longer of any force and effect and should be disregarded by the Florida Department of Corrections, because of Kentucky's failure to return him to that state for disposition of the parole violation charge under the Interstate Agreement on Detainers Act (IAD), Sections 941.45-.50, Florida Statutes (1949).[1]
Petitioner concedes that, ordinarily, parole violation detainers are not encompassed by the IAD. He nevertheless asserts that Kentucky, by statutory amendment, has specifically included parole and probation violation detainers within the coverage of its IAD, and that since at least one Florida court, in Gaddy v. Turner, 376 So.2d 1225 (Fla. 2nd DCA 1979), has recognized the application of Florida's IAD to detainers based on probation violations, this court can and should extend the application of Florida's IAD to detainers based on parole violations. We reject the invitation to so rule and in doing so join the District Court of Appeal, Fifth District, in its determination that Florida's IAD does not apply to parole violations. Wainwright v. Evans, 403 So.2d 1123 (Fla.5th DCA 1981).[2]
Kentucky, by amendment enacted in 1976,[3] provided specifically for application of its IAD to "any and all detainers based on unheard, undisposed of, or unresolved affidavits and warrants charging violations of the terms of probation and parole." Kentucky Revised Statutes, Section 440.455. *202 The amendatory act provided, however, that its requirements "shall be binding only as among and between those party states" which have joined in the amendment. Kentucky Revised Statutes, Section 440.455(1).[4] Florida has not adopted the amendment. Thus, Florida's IAD today applies, as in its original form, only to "untried indictments, informations, or complaints." Section 941.45, Florida Statutes (1979). Based on the reasoning and authorities cited in Wainwright v. Evans, supra, we decline to extend the coverage of Florida's IAD to unheard or undisposed charges of parole violations.
Petitioner relies heavily upon the Second District's decision in Gaddy v. Turner, supra. We decline to follow the Second District's decision, although we acknowledge that court's well-reasoned analysis in which it determined, among other things, that the detrimental effect of a detainer upon a prisoner is likely to be the same, whether the detainer is based upon a probation or parole violation, or upon an untried criminal charge. Nevertheless, we think any extension of the coverage of the IAD is not a matter for the judiciary, but rather, falls within the province of the legislative branch, as exemplified by Kentucky's specific amendments to its law to accomplish the desired purposes.
In view of the Fifth District's explication on the subject contained in Wainwright v. Evans, we do not deem it necessary to prolong this opinion by extensive discussion. We do, nevertheless, point out that there are obvious and distinct differences between untried criminal charges and undisposed of parole violations which justify, in our opinion, significantly different treatment in their disposition. A fundamental distinction, for example, is that a parole revocation is not part of a criminal prosecution. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Oaks v. Wainwright, 305 So.2d 1 (Fla. 1974). Significantly, the due process requirements attending charges of parole violations under Morrissey v. Brewer, supra, are substantially ameliorated where the parolee is imprisoned pursuant to conviction of an offense while on parole. Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Here, petitioner admits his lawful confinement in the Florida prison and does not allege or imply that his present imprisonment would not constitute a violation of his Kentucky parole.
We observe that the record before us does not disclose the reasons, if any, given by Kentucky for its failure to respond to petitioner's request for disposition of his parole detainer. Petitioner alleges his full compliance with the requirements of Section 941.45(3), "Request For Final Disposition" (Form Two), and further alleges that the superintendent of the prison where he is incarcerated executed the "Offer To Deliver Temporary Custody" (Form Four), in compliance with the act, Section 941.45(5). The state's response does not deny that the necessary documents were filed with the appropriate Kentucky authorities.[5] We *203 presume, in the absence of any other explanation, that Kentucky did not feel compelled to honor petitioner's IAD request because its own IAD did not require it to do so, since Florida has not joined in the amendment applying to parole violations. We further conclude, as did our Florida Supreme Court in Hofmann v. Wainwright, 332 So.2d 18 (Fla. 1976), that Morrissey does not require Kentucky to provide an immediate parole revocation hearing either by sending its parole commission to Florida or by recalling petitioner to Kentucky. We cannot, of course, presume to speak for the Kentucky courts, and our decision in no way impinges upon petitioner's right to seek a dismissal of the parole revocation charge by appropriate court action filed in Kentucky. If successful there, the detainer lodged with the Florida authorities "shall cease to be of any force or effect." Section 941.45(5)(c).[6]
Accordingly, the order to show cause is discharged, and the petition for writ of habeas corpus is denied.
McCORD, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
I would conclude that the Kentucky IAD amendment with respect to detainers for parole or probation revocation is simply declaratory of the intent and effect of the language of the uniform law as adopted in Florida, which encompasses detainers based on complaints generally as well as indictment or information. § 941.45(3)(a), Florida Statutes. The drafters of the uniform act indicated that intent by comment in defining detainers: "Such detainers may be placed by various authorities under varying conditions, such as when ... a parolee commits a new crime and is imprisoned in another state... ." [e.s.] Gaddy v. Turner, 376 So.2d 1225, 1227 (Fla. 3d DCA 1979). There seems to me no valid distinction between this case and the decision in Gaddy applying the Florida IAD to probation detainers. The differing view of the court in Wainwright v. Evans, 403 So.2d 1123 (Fla. 5th DCA 1981), rests on the assumption that Hofmann v. Wainwright, 332 So.2d 18 (Fla. 1976), requires such a result. Hoffman, like the federal decisions therein treated, appears to me to decide only that due process standards do not compel immediate hearings on parole revocation warrants issued on the basis of intervening conviction and imprisonment. Since the court noted that petitioner had never even requested a hearing, I am unable to read into the opinion any intent to construe the Florida IAD, which was then effective but clearly not invoked or discussed.
Conceding the lack of uniformity in construction of the IAD as adopted in various jurisdictions, Wainwright, supra, the better view seems to me that which preserves some potential for certainty and success in prison administration for affected multiple offenders (see Gaddy, supra), as opposed to an overriding concern for parole enforcement convenience which I would hope can be otherwise addressed.
I respectfully dissent.

CLARIFICATION OF OPINION ON PETITION FOR REHEARING
LARRY G. SMITH, Judge.
Petitioner, by motion for rehearing or clarification of our original opinion, alleges *204 conflict with an unpublished order of this court dated May 13, 1981, in the case of Goodson v. Cook, et al., Case No. AB-209.
The order in Goodson v. Cook directed the respondent correctional officer to supply petitioner with all forms and documents necessary to seek a final disposition of his parole violation pursuant to the Interstate Agreement on Detainers Act (IAD). Petitioner contends that our decision that the IAD does not apply to parole violation detainers conflicts with the order in Goodson v. Cook.
Our decision in Maggard's case is that the IAD does not "apply" so as to require Florida to disregard a Kentucky detainer based on a parole violation because of Kentucky's failure to return him to Kentucky upon his request for disposition of the detainer under Section 941.45(3), Florida Statutes, IAD. In clarification, our holding in this case does not in any manner purport to alter the nondiscretionary duties of the official having custody of a prisoner to furnish all necessary forms and documents requested by the prisoner, and to comply with all other requirements of the IAD pertaining to certification of information, forwarding of documents, and notification of disposition requests. Maggard was deprived of none of these services, in contrast with the petitioner in Goodson v. Cook, and we therefore had no occasion to comment upon the clerical and ministerial duties imposed upon custodial officials by the IAD.
The petition for rehearing is denied.
McCORD, J., concurs.
WENTWORTH, J., dissents without opinion.
NOTES
[1] At the outset, we note that petitioner has cited no authority and made no argument to support the premise, implied by his petition, that Florida is either at liberty, or mandated, to unilaterally invalidate or ignore the Kentucky detainer because of Kentucky's failure to return petitioner to Kentucky for a parole revocation hearing. Without exception, all cases to which we have been referred deal with sanctions imposed by the receiving state, i.e., the state issuing the detainer and in which the untried or unheard charges are pending.
[2] This decision was filed on September 23, 1981, subsequent to the dates on which petitioner filed his petition and his reply to the state's response to the order to show cause.
[3] Enact. Acts 1976, ch. 211, § 1, Kentucky Revised Statutes, Section 440.455.
[4] The 1976 amendment to Kentucky's IAD provides, in pertinent part, as follows:

440.455. Interstate agreement to apply to detainers based on affidavits and warrants charging violation or probation and parole.  Commonwealth of Kentucky is a party to the interstate agreement on detainers and shall be deemed to have contracted with each state joining therein an amendment to said interstate agreement in the form substantially as follows:
Amendment to the interstate agreement on detainers concerning detainers based on violations of the terms of probation and parole (1) This amendment shall provide additional remedies, and shall be binding only as among and between those party states which specifically execute the same. (2) All provisions and procedures of KRS 440.450 shall be construed to apply to any and all detainers based on unheard, undisposed of, or unresolved affidavits and warrants charging violations of the terms of probation and parole. (Enact. Acts 1976, ch. 211, § 1.)
[5] No argument is made here that Florida, by offering temporary custody under the act, is precluded from now contending that its IAD does not extend to parole violations. The offer was not accepted by Kentucky, and petitioner has not changed his position nor been prejudiced in any manner by Florida's action. Petitioner's reliance upon O'Connell v. State, 400 So.2d 136 (Fla. 5th DCA 1981), is misplaced, since in that case Florida was the receiving state and did request and obtain temporary custody of O'Connell from Michigan under Florida's IAD. Had petitioner Maggard been sent to Kentucky pursuant to his request and returned to Florida without having his parole revocation charge disposed of, no doubt an entirely different issue would be presented here. See United States v. Dixon, 592 F.2d 329 (6th Cir.1979), cert. den. 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056; United States v. Cyphers, 556 F.2d 630 (2nd Cir.1977), cert. den. 431 U.S. 972, 97 S.Ct. 2937, 53 L.Ed.2d 1070, and cert. den. 436 U.S. 950, 98 S.Ct. 2858, 56 L.Ed.2d 792; and Gray v. Benson, 443 F. Supp. 1284 (D.C.Kan. 1978).
[6] The language of this subsection itself suggests its nonapplicability to parole violations, since it speaks of dismissal of charges by the appropriate "court" of the jurisdiction where the indictment, information, or complaint "has been pending," whereas parole revocations are generally heard and determined by the paroling body or commission.