PER CURIAM.
Delroy Gibson filed a petition for writ of habeas corpus or mandamus in the circuit court, complaining that he was being detained for a parole violation without ever having been afforded a hearing as required by section 947.23, Florida Statutes. The circuit court denied the petition summarily without ordering any response from the Parole Commission. The trial court concluded that because Gibson had been held in federal custody as a result of the same conduct that violated his Florida parole, he had no right to an immediate hearing.
The circuit court relied on Hofmann v. Wainwright, 332 So.2d 18 (Fla.1976), cert. denied, 429 U.S. 981, 97 S.Ct. 494, 50 L.Ed.2d 590, which held that due process does not require an immediate hearing if the parolee is being detained in another jurisdiction:
We conclude that Morrissey [Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] does not require Florida to hold immediate parole revocation hearings for parolees who have been convicted of intervening offenses and are imprisoned elseiohere, either by sending its Probation and Parole Commission out of state or by recalling the prisoner parolee.
Id. at 20 (emphasis supplied).
We conclude that Hofmann is inapplicable. Gibson’s petition explained that he returned to Florida custody when his federal sentence terminated almost three years earlier. Hofmann does not authorize further delay after the parolee is returned to Florida’s jurisdiction. We reverse the summary denial order and remand for further proceedings on the petition.
DELL, WARNER and HAZOURI, JJ., concur.