**UNITED STATES of America**

v.

**Garnett BOWLES, Appellant.**

**No. 14398.**

United States Court of Appeals Third Circuit.

July 23, 1964.

Daniel J. Moore, Newark, N. J., for appellant.

J. Norris Harding, Asst. U. S. Atty., Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN, KALODNER, STALEY, HASTIE, FORMAN, GANEY and SMITH, Circuit Judges.

PER CURIAM.

The issues of law raised in the appellee's petition for rehearing were considered by us prior to the filing of our original opinion, including the possible effect of the Act of September 26, 1961, 8 U.S.C.A. § 1105a, which added Section 106 to the Immigration and Nationality Act of 1952. We did not advert to Section 106 nor rule upon its possible effect because we were of the view that the provisions of the section as applicable to the case at bar, not briefed or argued in this court or the court below, would be adequately presented to and considered by the court below on remand. Our opinion was not intended to foreclose and does not foreclose the court below upon remand from determining the applicability of Section 1105a and its effect in respect to the issue of collateral attack upon a deportation order or deportation orders in a criminal proceeding such as that at bar.

The petition for rehearing seeks to have us limit our remand to the issues of law which would seem to be involved, citing McLindon v. United States, 329 F.2d 238 (D.C.Cir.1964) and 28 U.S.C. § 2106. The section of Title 28 referred to is inapplicable to a criminal proceeding and while the McLindon technique of having a court of appeals retain jurisdiction while returning the record to the court below for an enlargement of facts and appropriate findings which may determine vital issues in a case as matters of law has its proper sphere, we conclude that it should not be applied in the case at bar.

Our difficulty in attempting to decide the case at bar lies in the factual inadequacies in the record which the petition for rehearing attempts to mitigate to some degree. In this connection we call attention to the first paragraph of note 11 cited to the text in our original opinion. In the instant case the record is so insufficient and may contain so many pitfalls that it should be enlarged by bringing all relevant facts upon it. This is particularly desirable where, as here, a constitutional issue may lurk in the record despite the assertions of the appellee to the contrary in the petition for rehearing.

The petition for rehearing will be denied.