STATE OF NORTH CAROLINA v. ROBERT CHARLES PFEIFER

No. 7128SC268

(Filed 28 April 1971)

Criminal Law §§ 8, 91— Interstate Agreement on Detainers — request for trial before warrant issued

> The trial court did not err in the denial of defendant's motion to quash an indictment charging him with escape interposed on the ground that the State had failed to comply with the Interstate Agreement on Detainers, G.S. 148-89, where the State in November 1967 filed fugitive warrants with prison authorities in Pennsylvania to secure defendant's return to this State to complete service of sentences from which defendant escaped, defendant in December 1967 filed a petition with the State of North Carolina requesting that he be tried on the escape "charge," and the warrant charging defendant with escape was not issued until April 1970 and was served on defendant in September 1970 after his return to this State, since at the time defendant filed his petition with the State requesting trial, there was no "untried indictment, information or complaint" pending against him for the escape.

APPEAL by defendant from *Martin (Harry C.), J.,* 2 December 1970 Session of BUNCOMBE Superior Court.

This is a criminal prosecution upon a bill of indictment, proper in form, dated 21 October 1970, charging the defendant with felonious escape on 22 March 1966. Before pleading, the defendant moved to quash the bill of indictment for the reason that he had been deprived of a speedy trial. After hearing

evidence on the defendant's motion, the court made findings of fact which are summarized as follows:

In September 1963, the defendant was convicted in Lincoln County of assault with a deadly weapon. He was given a two-year sentence which was suspended. The defendant violated the conditions of the suspension, and the prison sentence was activated in September 1964. The defendant shortly thereafter escaped. He was captured, tried and convicted of escape, and sentenced to three months imprisonment to be served in addition to his original two-year sentence. On 22 March 1966, the defendant escaped for a second time and fled to Pennsylvania where he was subsequently convicted and imprisoned for violating the criminal laws of that state. Upon learning of the defendant's whereabouts, the State of North Carolina in November 1967 filed a fugitive warrant with the Pennsylvania authorities. On 11 December 1967, the defendant filed a petition with the State of North Carolina requesting that he be tried on the escape "charge." At this time the defendant had not been charged in North Carolina for the escape which occurred on 22 March 1966. On 13 August 1970, the defendant, after waiving extradition, was returned to North Carolina to finish serving the sentence imposed upon his conviction of assault with a deadly weapon. On 4 September 1970, the defendant was served with a warrant dated 28 April 1970 for the escape which occurred on 22 March 1966. The defendant's motion to quash the bill of indictment was denied, and the defendant pleaded not guilty. The jury found the defendant guilty as charged, and from judgment entered on the verdict the defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Walter E. Ricks III for the State.*

*Robert L. Harrell for defendant appellant.*

HEDRICK, Judge.

The defendant contends that it was error for the court to deny his motion to quash the indictment in that North Carolina failed to comply with the provisions of the Interstate Agreement on Detainers, to which both North Carolina and Pennsylvania are parties. This agreement, codified as G.S. 148-89, provides in pertinent part:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. . . . "

The fugitive warrant filed by North Carolina with the State of Pennsylvania in November 1967 was not based upon a warrant charging the offense of escape, but was to secure the return of the defendant to serve the unexpired portion of sentences already imposed. The defendant had no "untried indictment, information or complaint" pending against him until the issuance of the warrant for escape on 28 April 1970. The court properly denied defendant's motion to quash the indictment.

The defendant further contends that the court erred in denying his motion in arrest of judgment. "A motion in arrest of judgment is one made after the verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record." *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970). We have carefully examined the record and find no fatal defect appearing thereon. The defendant had a fair trial in the superior court free from prejudicial error.

No error.

Judges BROCK and MORRIS concur.