## 29782. SUGGS v. HOPPER.

HALL, Justice.

The record shows that in 1964 Suggs pleaded guilty in Florida to statutory rape, and was placed on probation. While on probation, Suggs committed in Georgia an assault with intent to commit rape; was convicted; and was allowed to be free upon bond pending appeal. While he was free on appeal bond after this second sex offense, Suggs stabbed a woman to death. He was convicted of murder and sentenced to electrocution. Following the demise of Georgia's former death penalty statute, Suggs' sentence was changed to life imprisonment which he is currently serving at the Georgia State Prison.

In his habeas corpus petition Suggs does not contest his Georgia imprisonment but challenges Florida's outstanding warrant for his arrest for probation violation. The warrant recites that he violated the conditions of his Florida probation by the two Georgia crimes detailed above. The warrant was dated July 30, 1968, however Suggs alleges that the warrant was not brought to his attention until 1973. He states that he has requested of Florida that it dispose of this matter and that Florida has had 180 days in which to do so but has taken no action.

Suggs asks that the Georgia corrections authorities be instructed to strike the Florida warrant from their records because it is illegally interfering, he alleges, with his eligibility for parole in Georgia. He bases his argument on the Interstate Agreement on Detainers (Code Ann. § 77-501b et seq.; Ga. L. 1972, p. 938 et seq.) which reads in pertinent part as follows: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any *untried indictment, information or complaint* on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his

imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . ." Code § 77-504b. (Emphasis supplied.)

The purpose of the statute is to insure speedy trial on pending charges before staleness and difficulty of proof set in. These are pre-trial, and not sentencing, considerations. Suggs' petition is without merit because the statute by its terms relates only to an "untried indictment, information or complaint," and does not apply to warrants for arrest for probation violation. Because Suggs' claim fails for the reason stated, it is not necessary to consider on this appeal whether there are circumstances in which it would be appropriate for Georgia courts to entertain a claim of the denial of speedy trial by a sister state. See *Gilstrap v. Wilder,* 233 Ga. 968.

The trial court correctly denied the relief requested. *Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 28, 1975 — DECIDED APRIL 22, 1975.

Steve Bartow Suggs, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.