**William Earl HEAD, Petitioner-Appellant,**

v.

**UNITED STATES BOARD OF PAROLE (U. S. BOARD COMMISSION), Respondent-Appellee.**

**No. 76–2064.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 1977.

Decided Feb. 11, 1977.*

---

* This appeal was originally decided by unreported order on February 11, 1977. See Circuit Rule 35 (formerly Circuit Rule 28). The court has subsequently decided to issue the decision as an opinion.

W. Patrick Downes, Hammond, Ind., for petitioner-appellant.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., for respondent-appellee.

Before SWYGERT, SPRECHER and TONE, Circuit Judges.

PER CURIAM.

Pursuant to Rule 2 of the Federal Rules of Appellate Procedure, this case is considered on the briefs without oral argument, the question presented being insubstantial in light of *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). On the authority of that case, the judgment of the District Court is affirmed.

■ We reject petitioner's argument that *Moody v. Daggett* "only applies to those parolees who have a detainer placed against them while they are in a federal prison." The reasoning in that case applies to the case at bar, in which the federal detainer was placed against appellant while he was in a state prison.

■ Petitioner's contention that he was denied the opportunity to present evidence in mitigation because of the death of Richard Young, one of his co-defendants in the state criminal case, is also without merit. Petitioner does not contend that he learned of what Young would have said from Young himself, but alleges that he learned of this from other persons who came to visit petitioner, so the showing that the alleged evidence ever existed is not strong. It is not alleged that any of the other witnesses to the event in issue, all of whom are still alive, would support Young in exculpating petitioner. Moreover, while Young was still alive, petitioner did not urge Young's alleged exculpatory testimony as a basis for a new trial in the state case or any other state or federal relief. We cannot say that

petitioner has made a showing of prejudice that would enable us to distinguish *Moody v. Daggett.*

Affirmed.