Ronald Edward **SABLE**, Petitioner,

v.

**STATE OF OHIO and Irl E. Day, Warden**, Respondents.

No. CIV–77–0697–D.

United States District Court, W. D. Oklahoma.

July 20, 1977.

Ronald Edward Sable, pro se.

ORDER

DAUGHERTY, Chief Judge.

The court has examined the Petition for Writ of Habeas Corpus presented to the

clerk of this court by the above-named petitioner together with the Motion for leave to proceed in forma pauperis and affidavit in support thereof. It appears therefrom that the petitioner is a federal convict confined in the Federal Correctional Institution at El Reno, Oklahoma. In his Petition he attacks the validity of a Detainer lodged by the State of Ohio with the respondent Warden Day and claims that the allegedly invalid Detainer will adversely affect his parole consideration. He contends the Detainer from the State of Ohio is invalid because he has been denied the parole revocation hearing mandated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). He also relies on the Interstate Agreement on Detainers Act. Plainly his reliance on this Act is misplaced since by its terms the Act applies only to Detainers the basis of which is an untried Indictment, Information or Complaint. Here the basis for the Detainer is a Parole Violator's Warrant and there is no untried Indictment, Information or Complaint.

The principles of *Cooper v. Lockhart,* 489 F.2d 308 (CA8 1973) urged upon this court were never adopted in this circuit. In *Small v. Britton,* 500 F.2d 299 (CA10 1974) our circuit held the *Morrissey* decision did not require that a revocation warrant be executed immediately after it had been issued and that incarceration in the institution of another sovereign is a good reason for delay in the execution of the warrant. The rule of the Tenth Circuit was approved by the United States Supreme Court in *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236, decided November 16, 1976. The Supreme Court then held that a parole violator serving an intervening sentence is not entitled to an immediate revocation hearing and that such hearing may be deferred to the expiration of the parolee's intervening sentence.

Likewise, petitioner's complaint about the effect of the Detainer upon his present conditions of his confinement is without merit. It is a basic rule that the control and management of federal penal institutions lies within the sound discretion of the responsible administrative agency, and judicial review will be granted only upon a showing that prison officials exercised their discretionary powers in such a manner as to constitute a clear abuse or caprice. *Daughtery v. Harris,* 476 F.2d 292 (CA10 1973), cert. denied, 414 U.S. 872, 94 S.Ct. 112, 38 L.Ed.2d 91. In *Lawrence v. Blackwell,* 298 F.Supp. 708, 714 (N.D.Ga. 1969) the court stated:

"While the state detainers [is] placed on these plaintiffs restrict their privileges, the courts cannot declare those restrictions per se capricious. The prison authorities have made the judgments, based on experience and expertise that prisoners with detainers warrant more restrictive treatment. Even if we might disagree, the court cannot quarrel with their judgment, for the administration of the prisons is within the purview of the Executive, not the Judicial, branch."

The mere fact that the presence of the state detainer may affect the present conditions of petitioner's confinement does not entitle him to relief. *Carson v. Executive Director, Department of Parole,* 292 F.2d 468 (CA10 1961). Moreover, the petitioner's concern regarding the presence of the Detainer as affecting his parole chances does not appear to be justified in view of the provisions of the Parole Commission's Regulations that the presence of a Detainer is not in itself a valid reason for the denial of a parole. 28 C.F.R. § 2.31A.

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Petition will then be dismissed.

IT IS SO ORDERED.