21301

The STATE, Respondent, v. Gregory KNOWLES, Appellant.

(270 S. E. (2d) 133)

*Deputy Appellate Defender Vance J. Bettis* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Russell D. Ghent,* Columbia, and *Sol. William W. Wilkins* and *Asst. Sol. William C. Lucius,* Greenville, *for respondent.*

September 15, 1980.

*Per Curiam:*

Appellant plead guilty to three charges of common law forgery in July 1975, receiving sentence of four (4) years imprisonment, suspended upon service of one (1) year, or payment of One Thousand ($1,000.00) Dollars and two (2) years probation. Upon information that appellant had violated the terms of probation, in February 1977 a court of proper jurisdiction imposed conditional revocation and issued a permanent bench warrant for his return to custody.

In November 1976 appellant was arrested for third degree robbery in New York and, upon conviction, received sentence of three (3) to six (6) years imprisonment. By letter of April 25, 1979, appellant sought return to South Carolina on the 1977 bench warrant. Following parole to the custody of this State in November, appellant received a hearing on December 11, 1979, wherein the lower court issued the challenged order affirming revocation of probation.

By this action, appellant contends the lapse of more than 180 days between his request to return and the hearing below violates Article III of the Interstate Agreement on Detainers, S. C. Code § 17-11-10 (1976), thus rendering the order of revocation invalid. The South Carolina Commission for Appellate Defense, asserting there is no merit to the present appeal, has filed an *Anders* brief requesting permission to withdraw from further representation. Appellant has submitted no argument *pro se.*

As well documented in the Commission's *Anders* brief, other jurisdictions bound by the Interstate Agreement on Detainers have concluded that a probation detainer, such as

the bench warrant in the present case, does not constitute an "untried indictment information, or complaint" within the meaning of the Agreement.[1] We agree.

Due to the inapplicability of the Detainers Agreement, appellant's remaining exceptions are without merit and are dismissed pursuant to Rule 23 of the Rules of Practice of this Court. Accordingly, counsel's request to withdraw is granted and the judgment of the lower court affirmed.

---

[1] *Suggs v. Hopper,* 234 Ga. 242, 215 S. E. (2d) 246 (1975); *Blackwell v. State,* 546 S. W. (2d) 828 (Tenn. Cr. App. 1976); *State v. Pfeiffer,* 11 N. C. App. 183, 180 S. E. (2d) 469 (1971); *Sable v. State of Ohio,* 439 F. Supp. 905 (D. C. Okl. 1977); *see also People v. Hallaway,* 39 Mich. App. 74, 197 N. W. (2d) 355 (1971) (intrastate detainer); *People v. Batalias,* 35 A. D. (2d) 740, 316 N. Y. S. (2d) 245 (1970) (intrastate detainer); *People v. Buccheri,* 2 Cal. App. (3d) 842, 83 Cal. Rptr. 211 (1970) (revocation not subject to appeal).