JOHN HENRY HALEY *v.* STATE OF MARYLAND

[No. 1322, September Term, 1979.]

*Decided November 6, 1980.*

The cause was submitted on briefs to THOMPSON, MOORE and MASON, JJ.

Submitted by *Richard M. Karceski, Assigned Public Defender,* for appellant.

Submitted by *Diane G. Goldsmith, Assistant Attorney General, Stephen H. Sachs, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Ann Harrington, Assistant State's Attorney for Montgomery County,* for appellee.

MASON, J., delivered the opinion of the Court.

The single issue in this case is whether the Interstate Agreement on Detainers Act, Article 27, section 616A et seq., of the Annotated Code of Maryland is applicable to post conviction proceedings.

John Henry Haley, appellant, was convicted by a jury in the Circuit Court for Montgomery County of armed robbery and related counts. He was committed to the custody of the Division of Correction for a period of twenty years. The judgments of the lower court were affirmed by this Court in *Haley v. State,* 40 Md. App. 349, 392 A.2d 551 (1978). One of the issues raised in *Haley v. State, supra,* was whether appellant was present at a bench conference during *voir dire* examination of several prospective witnesses. Because the record was silent on this issue, we suggested that it be pursued by post conviction proceedings.

On November 22, 1978, appellant, who was then serving a term of imprisonment for an unrelated offense in the Federal Penitentiary at Lewisburg, Pennsylvania, filed a petition in the Circuit Court for Montgomery County seeking post conviction relief. On December 12, 1978, in an apparent response to appellant's petition, the State's Attorney's Office for Montgomery County filed a request for temporary custody of appellant pursuant to section 616E (a) of Article 27, which in pertinent part provides:

"(a) *Presentation of request.* — The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be

entitled to have the prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V (a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated; . . ."

Appellant was returned to Montgomery County on February 6, 1979; his petition for post conviction relief was heard on March 2, 1979, and on April 16, 1979, he was granted a new trial. Pursuant to a petition filed by the State, the trial court stayed the judgment pending the outcome of the State's application for leave to appeal to this Court. On July 20, 1979, the State's application for leave to appeal was denied. Prior to commencement of the new trial, appellant filed a motion to dismiss the charges. This petition was denied. On October 9, 1979, appellant was again convicted by a jury of armed robbery and related counts. He was sentenced to a term of twenty years, consecutive to the Federal sentence he was serving.

On appeal appellant contends that because he was not brought to trial within one hundred twenty days after his arrival in Maryland from the Federal Penitentiary in Lewisburg, Pennsylvania, the lower court erred in not granting his motion to dismiss the charges. In support of this contention he relies on Article 27, section 616E (c) and (e) which provide:

"(c) *Time trial to commence; continuance.* — In respect of any proceeding made possible by this article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

\* \* \*

(e) *Dismissal of indictment, etc., on which no trial had.* — If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V (e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

As we perceive it, the narrow issue for our resolution is whether the provisions of the Interstate Agreement on Detainers Act, *supra,* apply to post conviction proceedings. The purpose of the Act as set forth in section 616B is as follows:

"The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures."

For cases expressing a similar purpose *see Hoss v. State,* 266 Md. 136, 292 A.2d 48 (1972); *United States v. Mauro,* 436 U.S. 340 (1978); *United States v. Dixon,* 592 F.2d 329 (6th Cir. 1979); *Esola v. Groomes,* 520 F.2d 830 (3rd Cir. 1975).

The purpose of this Act and section 616E (a) *supra* which authorized the transfer of appellant speak in terms of

"untried indictments, informations or complaints." At the time appellant was transferred to Maryland there were no "untried indictments, informations or complaints" pending against him. His transfer was not requested by the State for further prosecution of pending charges, but was requested for the benefit of appellant to pursue his application for post conviction relief. Although no Maryland appellate cases have considered the precise issue presented here, cases in other jurisdictions have held that the Interstate Agreement on Detainers Act does not apply to collateral proceedings. In *Sable v. State of Ohio,* 439 F. Supp. 905 (W.D. Okla. 1977), the court held that the Act did not apply where the basis for the detainer was a parole violator's warrant and there was no "untried indictment, information or complaint." *Accord Buchmann v. Michigan Department of Corrections,* 212 N.W.2d 745, 746 (Ct. App. Mich. 1973). In *Suggs v. Hopper,* 234 Ga. 242, 215 S.E.2d 246-247 (1975) the Supreme Court of Georgia, in holding that a detainer based on a violation of probation does not fall within the Act, said:

> "The purpose of the statute is to insure speedy trial on pending charges before staleness and difficulty of proof set in. These are pre-trial, and not sentencing, considerations. Suggs' petition is without merit because the statute by its terms relates only to an 'untried indictment, information or complaint,' and does not apply to warrants for arrest for probation violation."

In *United States v. Dixon,* 592 F.2d 329, 337 (6th Cir. 1979) the court held that where a detainer was filed to allow the prisoner's counsel the opportunity to meet with him concerning certain charges, the Act was inapplicable. The court reasoned:

> "It is readily apparent that the actions of the Assistant United States Attorney here do not present a potential for nor amount to an abuse of the privilege of easy prisoner access for the purpose of disposition of outstanding charges, which Article IV(c) is intended to proscribe. The issuance of the

September 13, 1976, writ of habeas corpus ad prosequendum was to allow appellant's counsel the opportunity to meet with his client concerning the kidnapping and air piracy charges. To allow appellant to assert the sanction of Article IV(c) under these facts would permit form to prevail over substance. The transfer of appellant in this case pursuant to a writ of habeas corpus ad prosequendum does not mandate application of a sanction, the purpose of which is to protect prisoners from the abuse of a privilege granted to prosecutors allowing them easy access to the prisoners. Application of the Article IV(e) sanction in the instant case would permit appellant a windfall benefit under circumstances not contemplated by the sanction."

We think the rationale of the cited cases from other jurisdictions applies with equal force to the present case. Consequently, we conclude that the State's request for temporary custody of appellant to allow him to pursue his petition for post conviction relief was not within the ambit of the Interstate Agreement on Detainers Act because there was no "untried indictment, information or complaint" then pending against appellant. Therefore, the lower court did not err in denying appellant's motion to dismiss the charges.

*Judgments affirmed.*
*Costs to be paid by appellant.*