Edilfonzo HERNANDEZ, Petitioner,

v.

UNITED STATES of America, T. C. Martin, Warden, Texas Department of Corrections and Mark White, Attorney General of the State of Texas, Respondents.

No. CIV–81–630–D.

United States District Court,
W. D. Oklahoma.

Aug. 3, 1981.

Edilfonzo Hernandez, pro se.

Larry D. Patton, U. S. Atty. by S. Paul Richards, Asst. U. S. Atty., Oklahoma City, Okl. for respondents United States and Martin Mark White, Atty. Gen. of Texas.

John W. Fainter, Jr., First Asst. Atty. Gen., Douglas M. Becker, Asst. Atty. Gen., Richard E. Gray, III, Executive Asst. Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Chief Enforcement Division, Austin, Tex., for respondents Texas Department of Corrections and Mark White.

OPINION AND ORDER

DAUGHERTY, Chief Judge.

On May 11, 1981, petitioner filed herein, *pro se, in forma pauperis*, his Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, attacking a detainer lodged against him by the Texas Department of Corrections. Concurrently therewith, petitioner filed a Motion For Restraining Order to prevent his being transferred to the State of Texas until his action was decided on its merits. This court thereafter, on May 19, 1981, entered its order denying the Motion For Restraining Order on the grounds that petitioner had not met his burden of showing either substantial probability of success on the merits or of irreparable injury if the restraining order was not granted.

On June 1, 1981, motions to dismiss, supported by briefs, were filed, respectively, by respondents United States of America and T. C. Martin, Warden and by the Texas Department of Corrections and Mark White, Attorney General of the State of Texas. On June 3, 1981, the court directed petitioner to respond to each of such motions within twenty days. On July 8, 1981, no response having been filed, the court entered its order dismissing the petition herein, without prejudice, for failure to comply with the court's order of June 3, 1981.

■ The court has since learned that, on July 8, 1981, petitioner was attempting to file his response to the motions to dismiss. His response was returned to him, first, for failure to submit the requisite number of copies and subsequently for failure to include the required certificate of service. On July 29, 1981, upon correction of these procedural inadequacies, petitioner's response was filed herein.

In the interests of justice, and in order that petitioner's action may be definitively resolved, the court has determined that its order of July 8, 1981, dismissing without prejudice the petition herein for failure to comply with the court's earlier order, should be, and it is hereby vacated.

Petitioner claims that the State of Texas has waived, and therefore lost, jurisdiction over him, and that therefore the detainer lodged against him is invalid. A brief recitation of the uncontroverted facts as they appear in the record may be helpful.

In 1973, petitioner received a seven year sentence in the United States District Court for the Western District of Texas for the crime of Possession With Intent To Distribute Heroin. In September 1975, he was released from federal custody on parole and in October 1975 a federal parole violator's warrant was issued for his arrest. Prior to the execution of that warrant, petitioner was arrested and charged with Murder in the District Court of Starr County, Texas. Petitioner entered a plea of guilty to that charge, and on February 4, 1976, was sentenced to imprisonment for a term of thirty-five years under the supervision of the Texas Department of Corrections. It was specifically ordered that the sentence "is to run concurrent with any Federal sentence that this Defendant may be required to serve for any offense that this Defendant may have been tried and for which he is presently on Parole." In September 1976, petitioner was released to federal authorities on a bench warrant for parole violation and was transferred to the United States Penitentiary at Leavenworth, Kansas.

Texas authorities were advised that petitioner would be mandatorily released from federal custody on July 20, 1979, and filed a detainer with the federal authorities, seeking custody of petitioner for the completion of his Texas sentence. Petitioner was released to the Leavenworth County Jail and the State of Texas then began a series of attempts to extradite petitioner to Texas. These attempts, for reasons not stated in the record, were initially unsuccessful, but on January 18, 1980, the Governor of Kansas issued a warrant for petitioner as a fugitive from the State of Texas. Petitioner filed a Petition For Writ Of Habeas Corpus in the District Court of Leavenworth County, Kansas, challenging the validity of the Governor's warrant, and was released on $2,000 surety bond pending a

hearing on his petition. On April 18, 1980, his bond was forfeited and a bench warrant issued for his arrest for failure to appear before the court as ordered. Petitioner was thereafter arrested in Oklahoma as a mandatory release violator. Although it is not clear from the record before the court, it appears that petitioner received a four year state sentence which was to run concurrent with the mandatory release violation confinement. In any event, he was thereafter confined at the Federal Correctional Institution, El Reno, Oklahoma, where he is presently incarcerated. The State of Texas then filed another detainer, seeking custody of petitioner upon his release from federal custody, for the completion of his state sentence.

■ Contending that Texas has lost jurisdiction over him, petitioner relies upon the Interstate Agreement On Detainers Act, 18 U.S.C.App. Such reliance is totally misplaced, as that Act, by its terms, applies only to detainers based upon untried indictments, informations or complaints. *Sable v. State of Ohio*, 439 F.Supp. 905 (W.D.Okl. 1977). Petitioner has been convicted and sentenced in the courts of the State of Texas.

Petitioner also states that he relies upon the provisions of 18 U.S.C. § 3182, which provides for extradition of fugitives charged with crimes from one state to another. The State of Texas does not appear to this court to be contending that statutory procedures with regard to extradition are inapplicable to the circumstances of this case. In fact, it appears that the provisions of the Uniform Criminal Extradition Act, adopted by both Oklahoma and Texas, would be applicable. 22 O.S. 1971 §§ 1141.1 *et seq.*; Vernon's Ann.C.C.P. art. 51.13.

■ It would appear that the procedural safeguards contained in the Uniform Criminal Extradition Act, *supra*, would be available to petitioner upon his release from federal custody if he was then being held in a jurisdiction which has adopted that Act. It should be noted that under the policy statements of the Bureau of Prisons with regard to detainers, it is permissible for a prisoner to be transferred to a federal institution within the state which has lodged a detainer against the prisoner in instances where the detainer is based upon a prior adjudication of guilt. Transfers of federal prisoners within the federal system are within the sole discretion of the Attorney General. 18 U.S.C. § 4082(b); *Robinson v. Benson*, 570 F.2d 920 (10th Cir. 1978).

Petitioner's principal contention, that the State of Texas has lost jurisdiction over him, is without merit. In *Lionel v. Day*, 430 F.Supp. 384 (W.D.Okl.1976), this court made the following statement:

"The petitioner has no standing in this proceeding to challenge custody arrangements with federal and state authorities. *Chunn v. Clark*, 451 F.2d 1005 (CA 5 1971); *Stripling v. United States*, 172 F.2d 636 (CA 10 1949). The question of jurisdiction and custody over prisoners is one of comity between governments and not a personal right of prisoners. *Jones v. Taylor*, 327 F.2d 493 (CA 10 1964), *cert. denied*, 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 . . . ; *Wall v. Hudspeth*, 108 F.2d 865 (CA 10 1940). When a person violates the criminal statutes of both federal and state governments he may not complain of the order in which he is tried or punished for such offenses, and the interested sovereigns may arrange the order of trial and punishment according to their convenience. *Vanover v. Cox*, 136 F.2d 442 (CA 8 1943)." See also *Joslin v. Moseley*, 420 F.2d 1204 (10th Cir. 1970).

■ It should be noted that the sentencing judge in Starr County, Texas, apparently anticipated the custody arrangements which were ultimately made, when he specifically directed that plaintiff's state sentence be served concurrent with any federal sentence for which defendant had been previously convicted and for which he was then on parole. It would appear that, with the exception of the period during which petitioner was free on bond and thereafter a fugitive for violating the conditions of such bond, all of the time served by petitioner in federal custody is subject to being credited against the sentence received following his

murder conviction in the State of Texas. His obligation to both sovereigns is thus being met concurrently.

Petitioner seems to assert that the State of Texas, having previously lodged a detainer against him when he was incarcerated in Kansas, is somehow estopped from again lodging a detainer against him. Petitioner was released from custody in the State of Kansas and the State of Texas made every effort to obtain custody of him through extradition proceedings. As is noted above, petitioner filed an application for a writ of habeas corpus and, after being released on bond, failed to appear at a hearing on his application. The State of Texas could have done no more than it did, and is now simply renewing its efforts to reacquire custody of petitioner for completion of the service of the sentence imposed by the District Court of Starr County, Texas.

Petitioner's conclusory averments with regard to his constitutional rights are totally unsupported by factual allegations and are thus legally insufficient. *Martinez v. United States*, 334 F.2d 325 (10th Cir. 1965); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971).

It is apparent that petitioner can prove no set of facts which would entitle him to relief herein. Thus, inasmuch as he has been granted leave to proceed herein *in forma pauperis*, his action may be dismissed as frivolous under 28 U.S.C. § 1915(d). *Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976).

Based upon the foregoing, the Petition For Writ Of Habeas Corpus filed herein should be denied and this action dismissed.

IT IS SO ORDERED.