GRIMES, Judge.
Appellant, Gene Lorenzo, complains that his probation was improperly revoked for failure to follow the time limitations of the Interstate Agreement on Detainers Act, section 941.45, Florida Statutes (1979).
Lorenzo was placed on probation in January of 1979 for delivery of cannabis. Two months later, his probation officer filed an affidavit alleging that Lorenzo had violated the terms of his probation. A warrant was issued for Lorenzo’s arrest but was not immediately served upon him. In April of 1980, Lorenzo was convicted of the federal crime of unlawful possession of a firearm. As a result, he was incarcerated in the federal correctional institution at Memphis, Tennessee. The state lodged a detainer against him for the probation violation. By letter dated November 13, 1980, the state was notified by the warden of the federal prison that Lorenzo had requested the final disposition of his probation violation charges.[1] Lorenzo was delivered to the state on February 12, 1981. However, the first hearing on the probation violation charges did not occur until June 26, 1981, and it was not until September 11, 1981, that the court heard the testimony which led to the probation revocation. On appeal Lorenzo contends that the charges should have been dismissed because he was not tried within the 180-day period prescribed by the Interstate Agreement on Detainers Act.
The Detainers Act requires that when a prisoner requests a final disposition of “any untried indictment, information, or complaint” on the basis of which a detainer has been lodged against him, he shall be tried within 180 days.[2] In Gaddy v. Turner, 376 So.2d 1225 (Fla. 2d DCA 1979), this court held that charges of probation violation fell within the coverage of the Detainers Act. In ordering Gaddy’s discharge for failure to *1059 hold the hearing within 180 days, we noted that the detrimental effect of a detainer upon a prisoner is likely to be the same, whether the detainer is based upon a probation violation or upon an untried criminal charge.
The 180 days within which the state had to bring Lorenzo to trial ran out even before the first hearing was held on June 26, 1981.[3] Therefore, Lorenzo’s judgment of conviction premised upon the probation revocation is reversed.
BOARDMAN, Acting C.J., and CAMPBELL, J., concur.

. While the record does not reflect the date upon which the state received the letter, we shall assume that its delivery by mail occurred within a week after November 13, 1980.

. Section 941.45(3)(a), Florida Statutes (1979), reads in pertinent part:
(3) REQUEST FOR FINAL DISPOSITION.—
(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be deliv *1059 ered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; ....

. In fairness to the trial judge, he asked the state attorney and the public defender on three occasions to advise him whether section 941.-45(3) applied to probation revocations, but neither counsel informed him of the existence of the Gaddy opinion which had been on the books for more than a year.