427 So.2d 367 (1983)
Samuel IRBY, Appellant,
v.
STATE OF MISSOURI, Appellee.
No. 82-1732.
District Court of Appeal of Florida, Second District.
March 2, 1983.
Samuel Irby, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
In this appeal from a denial of a petition for habeas corpus, appellant contends that he is entitled to relief from the effect of a parole violation detainer lodged against him.
The appellant is currently a prisoner at Avon Park Correctional Institution. He was informed on December 12, 1980, that the State of Missouri had lodged a detainer against him for a parole violation. On November 6, 1981, appellant, pursuant to section 941.45, Florida Statutes (1981), submitted to the State of Missouri the proper documents necessary to invoke his right to a final disposition of outstanding charges under the detainer. On May 7, 1982, appellant received notification that the State of Missouri had declined to resolve the detainer lodged against him until he completed his Florida sentence.
Appellant then petitioned for a writ of habeas corpus to dismiss with prejudice the detainer lodged against him by the State of Missouri. He argued that the detainer adversely affected his status as a prisoner by obstructing his participation in rehabilitative programs. He contended that he was entitled to relief from the detainer because the State of Missouri had not held a trial or hearing on the charges under the parole violation warrant within 180 days of the filing of his request for final disposition of the charges. The lower court concluded that appellant was not entitled to any relief.
In Gaddy v. Turner, 376 So.2d 1225 (Fla. 2d DCA 1979), this court held that the speedy trial provisions of the Interstate Agreement on Detainers Act, section 941.45, Florida Statutes (1977), were applicable to an affidavit charging a probation violation. Accord Lorenzo v. State, 422 So.2d 1058 (Fla. 2d DCA 1982). Both Gaddy and Lorenzo dealt with charges of probation revocation. Yet, in the context of this discussion, we see no meaningful distinction between probation and parole. If a charge of probation revocation constitutes a "complaint" within the meaning of the detainers act, a charge of parole violation should also be deemed a complaint. Both Gaddy and Lorenzo dealt with Florida detainers lodged against out-of-state prisoners which were predicated upon the violation of Florida *368 probation orders. Here, the converse exists in which an out-of-state detainer has been lodged against a Florida prisoner. This places us in a more difficult posture because we must be careful not to tamper with the legitimate functions of our sister states' criminal justice systems.
In any event, our study of this case has brought into focus some broader considerations. When we decided Gaddy, the only case on point which came to our attention was Sable v. Ohio, 439 F. Supp. 905 (W.D. Okla. 1977). We found that court's decision that the detainers act was inapplicable to charges of a parole violation unpersuasive. However, we now find a number of other decisions issued before and after Gaddy which uniformly hold or recognize that the Interstate Agreement on Detainers Act does not apply to charges of probation or parole violation.[1] These courts refer to the additional expense of applying the act to probationers and parolees and emphasize the difference between untried criminal charges and pending probation and parole violations. We continue to believe that ours is the more logical interpretation of the detainers act, but we foresee serious problems which may occur as a result of disparate interpretations of this uniform law.[2] Therefore, while we remain steadfast in our view that other jurisdictions are out of step with us, in the interest of uniformity, we elect to modify our stride in order to march to the beat of a different drummer.
We hereby recede from Gaddy and Lorenzo and hold that a charge of probation or parole violation is not a "complaint" within the meaning of the detainers act. As presently worded, the act does not give an incarcerated probationer or parolee the right to obtain the prompt disposition of his revocation charges.
AFFIRMED.
DANAHY, J., concurs.
BOARDMAN, A.C.J., concurs specially with opinion.
BOARDMAN, Acting Chief Judge, specially concurring.
I agree with the decision to recede from Gaddy and Lorenzo. However, I do so not merely for the sake of uniformity with the other jurisdictions that have decided this issue but because I have reconsidered my position in Gaddy in light of the more recent opinions which have come to my attention. I now conclude that not to apply the Interstate Agreement on Detainers Act to parole and probation is the better reasoned rule. I therefore concur in the result reached by the majority here.
NOTES
[1] People v. Jackson, Colo. App., 626 P.2d 723 (1981); Maggard v. Wainwright, 411 So.2d 200 (Fla. 1st DCA 1982); Wainwright v. Evans, 403 So.2d 1123 (Fla. 5th DCA 1981); Suggs v. Hopper, 234 Ga. 242, 215 S.E.2d 246 (1975); State v. Knowles, 275 S.C. 312, 270 S.E.2d 133 (1980); Blackwell v. State, 546 S.W.2d 828 (Tenn. App. 1976); see People v. Mahan, 111 Cal. App.3d 28, 168 Cal. Rptr. 428 (1980); Haley v. State, 47 Md. App. 45, 421 A.2d 982 (1980); People v. Batalias, 35 A.D.2d 740, 316 N.Y.S.2d 245 (N.Y. App. Div. 1970); Engs v. District Court, 645 P.2d 1035 (Okla.Cr.App. 1982); Robinson v. State, 278 N.W.2d 463 (S.D. 1979).
[2] For example, a foreign state may not appreciate the need to timely respond when one of its probationers or parolees who is jailed in Florida seeks the final disposition of his revocation charges. Even in the case where a Florida probationer or parolee is involved, a foreign state may choose to ignore Florida's request to return the prisoner for the final disposition of his charge because of its understanding that the detainers act is not applicable to probation or parole.