ARTHUR BAUER, Petitioner-Appellant, v. THE PRISONER REVIEW BOARD, Respondent-Appellee.

First District (1st Division) No. 84—2876

Opinion filed June 16, 1986.

James J. Doherty, Public Defender, of Chicago (Donald L. Bertelle, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Arthur Bauer, an inmate in an Arizona prison, appeals from the trial court's dismissal of his petition for *habeas corpus* which claimed that a parole violator warrant issued by Illinois parole author-

ities and lodged as a detainer with Arizona prison officials should be quashed because Illinois failed to give him a prompt parole violation hearing. We affirm.

In 1957, plaintiff was convicted of murder in Illinois and sentenced to imprisonment for 99 years. He was paroled by Illinois authorities in 1969. In 1972, while still on parole he was convicted of armed robbery and sentenced to prison in Arizona. Illinois subsequently filed a parole violation warrant with Arizona prison authorities as a "detainer" but it was not executed and plaintiff was not taken into custody by Illinois authorities on the parole-violation charges. In 1975, plaintiff requested that Illinois lift the detainer against him. Illinois authorities refused and plaintiff filed a *habeas corpus* petition in the circuit court of Cook County. Illinois lifted its detainer, and plaintiff withdrew his petition. However, Illinois did not formally discharge him from his parole.

Plaintiff was reincarcerated in Arizona on a new charge in 1981. Illinois again lodged a parole violator warrant as a detainer against him on the grounds that the new conviction in Arizona violated his parole on his 1957 murder conviction in Illinois. Plaintiff again asked the Illinois parole authorities to lift the detainer or hold a preliminary parole revocation hearing, but they refused to take any action on the detainer until plaintiff's Arizona sentence had been completed.

Plaintiff then filed the instant *habeas corpus* petition seeking to quash the parole violation warrant because the Illinois authorities refused to grant a parole revocation hearing. He claimed that his due process rights were violated by the denial of a hearing and by the fact that the unexecuted detainer warrant has adversely affected his eligibility for early parole in Arizona and rehabilitative programs.

■ Plaintiff concedes that the proper vehicle to secure a parole violation hearing is a petition for writ of *mandamus*. Nevertheless, he requests that his *habeas corpus* petition be treated as one for writ of *mandamus* under the liberal pleading rules applicable to civil actions such as this. (*People ex rel. Lick v. Fields* (1973), 14 Ill. App. 3d 305, 302 N.E.2d 389 (abstract of opinion).) While the court below could have treated his petition as one for writ of *mandamus*, it was not required to do so. (See *People ex rel. Lewis v. Frye* (1969), 42 Ill. 2d 58, 60, 245 N.E.2d 483, *cert. denied* (1969), 396 U.S. 912, 24 L. Ed. 2d 187, 90 S. Ct. 227.) And even if plaintiff's petition had been treated as a petition for writ of *mandamus*, plaintiff was not entitled to the relief requested.

■ Plaintiff asserts that he was denied due process by the failure of Illinois parole authorities to promptly conduct a parole violation

hearing. Based on *Moody v. Daggett* (1976), 429 U.S. 78, 50 L. Ed. 2d 236, 97 S. Ct. 274, we find that plaintiff was not denied due process. The defendant Moody was on parole from a Federal prison when he was imprisoned for a second crime in a different Federal prison. The government issued but did not execute a parole violator warrant, which was lodged with prison officials as a detainer. Moody made much the same arguments as plaintiff, namely: (1) the lack of prompt parole violation hearing violated his due process rights; (2) the issuance of an unexecuted parole violator warrant infringed upon protected liberty interests by retarding his parole eligibility on the intervening convictions and by adversely affecting his prison classification status.

The Supreme Court in *Moody* effectively disposed of the first argument by holding that no due process right to a parole violation hearing arises by the mere issuance of a parole violator warrant that is lodged as a detainer. (*Moody v. Daggett* (1976), 429 U.S 78, 87, 50 L. Ed. 2d 236, 244, 97 S. Ct. 274, 279.) Because the prisoner was lawfully in custody on the intervening convictions and not as a result of the parole-violation charges, the warrant did not trigger a loss of liberty giving rise to a right to a prompt parole violation hearing until it was executed and the prisoner taken into custody under that warrant. (429 U.S. 78, 87, 50 L. Ed. 2d 236, 244, 97 S. Ct. 274, 279.) The fact that many years may pass between the issuance and the execution of the parole violator warrant did not justify a prompt hearing because the court determined that "[g]iven the predictive nature of the hearing, it is appropriate that such hearing be held at the time at which prediction is both most relevant and most accurate—at the expiration of the parolee's intervening sentence." 429 U.S. 78, 89, 50 L. Ed. 2d 236, 245, 97 S. Ct. 274, 280.

In the case at bar, the parole violator warrant was merely issued and lodged as a detainer with Arizona prison authorities. It was not executed. Under *Moody*, therefore, plaintiff has no due process right to a prompt hearing until he is taken into custody under the warrant at the completion of his Arizona sentence.

In *Moody* the court also rejected the contention that the issuance of a parole violator warrant, without more, unconditionally diminishes his opportunity for parole on the intervening sentence. In *Moody*, however, the same governmental body considered whether to grant Moody's new petition for parole sentence and whether to revoke his prior parole due to the intervening conviction. (*Moody v. Daggett* (1976), 429 U.S. 78, 88, 50 L. Ed. 2d 236, 244-45, 97 S. Ct. 274, 279.) The *Moody* court refused to consider whether its decision would

change if different and autonomous parole authorities were involved. 429 U.S. 78, 88, 50 L. Ed. 2d 236, 245, 97 S. Ct. 274, 279.

In cases where different parole authorities were involved, the overwhelming majority of courts have refused to distinguish *Moody*, and have held that protected liberty interests are not implicated by the fact that an unexecuted parole violator warrant lodged as a detainer retards a prisoner's eligibility for parole. *Kenner v. Martin* (6th Cir. 1981), 648 F.2d 1080; *Cart v. DeRobertis* (1983), 117 Ill. App. 3d 587, 591, 453 N.E.2d 153, *appeal denied* (1984), 96 Ill. 2d 566; see, *e.g., U.S. ex rel. Caruso v. U.S. Board of Parole* (3rd Cir. 1978), 570 F.2d 1150, *cert. denied* (1978), 436 U.S. 911, 56 L. Ed. 2d 411, 98 S. Ct. 2249; *Larson v. McKenzie* (4th Cir. 1977), 554 F.2d 131; *Head v. U.S. Board of Parole* (7th Cir. 1977), 553 F.2d 22, *cert. denied* (1977), 431 U.S. 959, 53 L. Ed. 2d 277, 97 S. Ct. 2685; *Foster v. U.S. Parole Commission* (S.D. Ohio 1981), 515 F. Supp. 541; *Anglian v. Sowders* (Ky. App. 1978), 566 S.W.2d 789; *Rease v. Commonwealth* (1984), 227 Va. 289, 316 S.E.2d 148.) The only post-*Moody* case supporting plaintiff's position, *Reddin v. Gray* (E.D. Wis. 1977), 427 F. Supp. 386, was reversed on other grounds *sub nom. Reddin v. Israel* (7th Cir. 1977), 561 F.2d 715.

On the basis of these authorities, even if we assume that an unexecuted detainer warrant issued by Illinois adversely affects plaintiff's chances for parole in Arizona (see *United States v. Johnson* (8th Cir. 1977), 563 F.2d 362, 364 n.5 (reserving question but citing studies indicating that detainers can have such an effect)), it does not implicate a protected liberty interest entitling plaintiff to a prompt parole revocation hearing or the dismissal of the parole violator warrant.

The Supreme Court in *Moody* also rejected the contention that the unexecuted parole violator warrant and detainer impinged on protected liberty interests by adversely affecting his prison classification and qualification for institutional programs. The Supreme Court stated:

"We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. *** The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, [citation], and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett* (1976), 429 U.S. 78, 88 n.9, 50 L. Ed. 2d 236, 244 n.9, 97 S. Ct. 274, 279 n.9.

Here, Arizona has complete discretion to control the conditions of

446

plaintiff's confinement so the allegedly adverse effect of an unexecuted detainer warrant on plaintiff's prison classification and eligibility for institutional programs is not sufficient to invoke due process.

Because plaintiff sustained no deprivation of due process which would entitle him to the dismissal of the parole violator warrant or to a prompt parole revocation hearing, the trial court acted properly in dismissing plaintiff's *habeas corpus* petition. Therefore, the judgment and order of the trial court is affirmed.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.